IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF NEBRASKA


THEODORE L. KESSNER, SPECIAL          )
DEPUTY LIQUIDATOR OF THE              )
PROTECTIVE NATIONAL INSURANCE )
COMPANY OF OMAHA,                     )
                                      )
                Plaintiff,            )          4:09CV3003
                                      )
        v.                            )
                                      )
                                      )
ONE BEACON INSURANCE COMPANY,         )    REPORT AND RECOMMENDATION
f/k/a General Accident Insurance      )
Company of America,                   )
                                      )
                Defendant.            )


     Before the court is the plaintiff's motion to remand this
matter to the District Court of Lancaster County, Nebraska, whence
it was removed by the defendant.  Filing No. 9.  The issues are
familiar; this court has decided such remand motions in several
cases.[1]


                               FACTS


     The facts of this individual case are as follows.  The
Protective National Insurance Company of Omaha ("PN") is an insolvent

_____

     [1] The issues raised by this motion for remand have previously
been raised in other federal suits removed to this forum from the
District Court of Lancaster County, Nebraska.  See, Lecher Zapata
v. Amwest Surety Ins Co, et al, 4:99CV03302, (D.C. Neb.)(Strom,
J., presiding); Wagner v. Bank of America, 8:02CV00195, filing no.
23 (D.C. Neb.)(Shanahan, J., presiding);  Wagner v. J.A. Jones
Construction Co., 4:02CV3161, filing nos. 21 & 25 (D.C.
Neb.)(Kopf, J., presiding); Wagner v. Allenbrooke Insurance
Services, Inc., 4:03cv3007, filing nos. 26 & 33 (D.C. Neb.)(Kopf,
J., presiding); Wagner v. National Union Fire Insurance Company of
Pittsburgh, Pa., 4:06CV3041, filings no. 45 & 52 (D.C. Neb.)(Kopf,
J., presiding).  As directed by Wolfson v. Mutual Ben. Life Ins.
Co., 51 F.3d 141, 145 (8th Cir. 1995), each case was evaluated on
its specific facts.

Nebraska insurance company being liquidated under the Nebraska
Insurers Supervision, Rehabilitation and Liquidation Act, Neb. Rev.
Stat. §§ 44-4801 *et seq.* ("NISRLA").  On February 12, 2004 the
District Court of Lancaster County, Nebraska entered an Order of
Liquidation, Declaration of Insolvency and Injunctive for PN.
Filing No. 10, ex. 3.  Pursuant to the Order of Liquidation, the
Director of the Department of Insurance, L. Tim Wagner was appointed
Liquidator and became vested by operation of law with title to the
property, contracts, and rights of actions of PN, and he has the
duty to take all necessary actions to collect all of PN's property
and pursue its claims for the benefit of its policyholders,
creditors, and the public.  Filing No. 10, ex. 3, ¶¶ 4-7.
Plaintiff, Theodore L. Kessner, was appointed as Special Deputy
Liquidator of PN on February 12, 2004 by the Director of the
Nebraska Department of Insurance and statutory liquidator of PN, L.
Tim Wagner.  This appointment vested Kessner with "all the powers
granted to the Liquidator under Neb. Rev. Stat. § 44-4821."  Filing
No. 10, ex. 3, ¶ 7.


    In the course of administering the PN liquidation, the
plaintiff received a number of claims, including one from Congoleum
Corporation, to which PN had issued an occurrence-basis excess
liability and environmental pollution indemnity insurance policy.
The proof of claim received from Congoleum was evaluated by the
Special Deputy Liquidator in accordance with the Claim
Administration Procedures and Claim Evaluation Practices approved by
the Liquidation Court, the District Court of Lancaster County.
Filing No. 10, exs. 5, 6 & 7.  Congoleum's proof of claim was
referred to the state guaranty association for adjudication and
payment; however, the Liquidator disputed the value of Congoleum's
proof of claim.  After negotiation, the Liquidator and Congoleum
reached an agreement to determine the Congoleum proof of claim as a
"Class 2" claim worth $3,000,000, and Congoleum waived its rights to
adjudication by the state guaranty association.  Their agreement was

2

later approved by the United States Bankruptcy Court for the
District of New Jersey, where Congoleum's bankruptcy was pending, by
order entered March 25, 2008.   Filing No. 10, ex. 9.

    One Beacon Insurance Company f/k/a General Accident Insurance
Company of America ("GA") provided reinsurance to PN pursuant to a
"Certificate of Facultative Reinsurance."   That certificate includes
the following provision:

> In the event of insolvency of the Company [Protective
> National], the terms of this Certificate are amended to
> conform to the statute of any state of the United States
> having jurisdiction to the extent that such reinsurance as
> is afforded hereunder may be credited to the Company
> [Protective National] as an admitted asset or deduction
> from liability, it being understood that, subject to such
> amendment, the Reinsurer [One Beacon] may avail itself of
> any other provision of any such statute applicable.

Filing No 10, Ex. 10, ¶ 6.   Nebraska law regards any claim against a
reinsurer of an insurance company in liquidation as a full claim and
collectible from the reinsurer.   See, Neb. Rev. Stat. § 44-4832.

    The Special Deputy Liquidator filed this action in the
Lancaster County District Court to recover on the reinsurance policy
issued by GA, premised upon the proof of claim submitted by
Congoleum as approved by that court in the liquidation action.   Any
recovery in this action will become part of the estate of PN for
administration and distribution.

    Defendant timely removed the case to this court, claiming
jurisdiction on the basis of diversity of citizenship pursuant to 28
U.S.C. § 1332.   Filing No. 1.   Defendant alleges the plaintiff and
PN are both citizens of Nebraska, and PN's principal place of
business is in Omaha; that defendant is a citizen of Pennsylvania
with its principal place of business in Philadelphia; and that the
action involves more than $75,000 in controversy.

ARGUMENTS

Plaintiff argues that this case cannot be removed because the plaintiff is the alter ego of the State of Nebraska, and a state has no "citizenship" for purposes of determining jurisdiction on the basis of diversity of citizenship.  Plaintiff also argues that this case is reverse-preempted by the McCarran-Ferguson Act, 15 U.S.C. § 1012(b).  Finally, Plaintiff argues that if this court finds it has jurisdiction, it should abstain from exercising it, under Burford v. Sun Oil Co., 319 U.S. 315 (1943).  Filing No. 11.

Defendant rejects plaintiff's arguments and contends the case is brought by an insolvent insurer through its receiver, not by the State of Nebraska; the doctrine of reverse preemption does not apply because this is a common law breach of contract action that does not directly involve application of state insurance law; and abstention is not appropriate because resolution of this case will not affect or interfere with the state statutory scheme for winding up the affairs of an insolvent insurer.  Filing No. 15.

DISCUSSION

Under the McCarran-Ferguson Act, a federal statute is reverse-preempted by a state statute or law if: (1) the federal statute does not specifically relate to the business of insurance; (2) the state statute was enacted for the purpose of regulating the business of insurance; and (3) enforcing the federal statute would "invalidate, impair or supersede" the state statute.  Murff v. Professional Medical Ins. Co., 97 F.3d 289, 291 (8th Cir. 1996)(citing United States Department of Treasury v. Fabe, 508 U.S. 491, 501 (1993)).

4

Undoubtedly 28 U.S.C. § 1332, the statutory basis for diversity jurisdiction, is not specifically related to the business of insurance.  Deciding whether the McCarran-Ferguson Act bars pursuing this litigation in federal court therefore requires assessing whether the plaintiff's suit against One Beacon arises from the "business of insurance," and whether the exercise of federal jurisdiction would interfere with the Nebraska court's liquidation of PN.  "[T]he McCarran-Ferguson Act reflects 'a strong federal policy of deferring to state regulation of the insurance industry,' including insolvency statutes." Murff, 97 F.3d at 292 (quoting Wolfson v. Mutual Ben. Life Ins. Co., 51 F.3d 141, 147 (8th Cir. 1995), rev'd on other grounds, Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996)).  However, this policy does not translate into state preemption of federal jurisdiction in every case where a party to the action is an insolvent insurer. Id. at 293.  The policy behind the McCarran-Ferguson Act was to leave the regulation of insurers to the states.  The intent of the Act was not to "divest federal courts of the right to apply state law regarding the regulation of insurers in appropriate diversity proceedings." Grimes v. Crown Life Ins. Co., 857 F.2d 699, 702 (10th Cir. 1988).

The McCarran-Ferguson Act does not govern all business performed by an insurance company.

> The statute did not purport to make the States supreme in regulating all the activities of insurance companies; its language refers not to the persons or companies who are subject to state regulation, but to laws 'regulating the business of insurance.'  Insurance companies may do many things which are subject to paramount federal regulation; only when they are engaged in the 'business of insurance' does the statute apply.

Securities and Exchange Commission v. National Securities, Inc., 393 U.S. 453, 459-60 (1969)(SEC's suit, which alleged insurer used fraudulent misrepresentations to obtain stockholders' approval of merger, did not involve "business of insurance" and was not barred

5

by McCarran-Ferguson Act).  The McCarran-Ferguson Act is focused on the contract of insurance between the insurer and its policyholder.

> Congress was concerned with the type of state regulation that centers around the contract of insurance. . . . *The relationship between insurer and insured, the type of policy which could be issued, its reliability, interpretation, and enforcement--these were the core of the 'business of insurance.'*  Undoubtedly, other activities of insurance companies relate so closely to their status as reliable insurers that they to [sic] must be placed in the same class.  But whatever the exact scope of the statutory term, *it is clear where the focus was--it was on the relationship between the insurance company and the policyholder.  Statutes aimed at protecting or regulating this relationship, directly or indirectly are laws regulating the 'business of insurance.'*

Id. at 460 (emphasis added).

The Special Deputy Liquidator's complaint in this case seeks a declaratory judgment that GA (now Beacon) is obligated to pay $1,500,000 to the PN estate relating to the Congoleum claim; for damages in that amount for GA's breach of its contractual obligations under its Certificate of Insurance and its duty of good faith and fair dealing; and for consequential and compensatory damages from GA's breach of its duty of good faith and fair dealing. Complaint in the District Court of Lancaster County, Nebraska, Filing No. 1, pp. 4-12.  By any measure, these are matters relating to the relationship of insurer and insured and the interpretation and enforcement of an insurance contract, in other words, "the business of insurance."

This is not a run-of-the-mill common law contract action, for unrelated things such as computer services or fraudulent securities enticements.  Rather, its subject is the very heart of the insurance relationship, or in this case, the reinsurance relationship and the

6

enforcement of a reinsurance policy.  For this reason, I conclude
that the second criterion of the reverse preemption doctrine of the
McCarran-Ferguson Act has also been met.

     The third criterion is whether enforcement of the federal
statute would "invalidate, impair or supersede" the state statute.
Murff, 97 F.3d at 291.  While the defendant argues that the
resolution of this conflict will have no bearing on the liquidation
of PN except, if successful, to add to the estate available for
distribution, I am persuaded that the provisions of NISRLA direct
otherwise.  First, the liquidation action itself is authorized by
Neb. Rev. Stat. § 44-4804, limiting jurisdiction to oversee
"liquidation" or "related" relief, except as provided in NISRLA.
Section 44-4816 limits jurisdiction to the district court of
Lancaster County.  NISRLA further specifies the duties and
responsibilities and powers of the Liquidator, including "[t]o
collect all debts and money due and claims belonging to the
insurer...."  Neb. Rev. Stat. § 44-4821(h).  Moreover, in the
statement of purpose for NISRLA, the legislature listed a number of
broad objectives, one of which is to provide "a *comprehensive* scheme
for the supervision, rehabilitation, and *liquidation* of insurers and
those subject to the act as part of the regulation of the business
of insurance...."  Neb. Rev. Stat. § 44-4801(7)(emphasis added).
The piecemeal litigation and collection of claims of the liquidated
insurer would certainly interfere with the administration and
liquidation of claims, and in this case, the disputed claim has
already been the subject of procedure taken under NISRLA and
approved by the Lancaster County District Court.  For this court to
start over with that process in a separate proceeding would
potentially interfere or even conflict with that procedures
undertaken under the supervision of the Lancaster County District
Court.  For these reasons, I conclude that proceeding in this court
would likely "invalidate, impair or supersede" the procedures being

utilized pursuant to the state liquidation proceeding.  Thus, the
third criterion has been met.


     Accordingly, I conclude that the case is reverse preempted by
the McCarran-Ferguson Act, and therefore, I do not address the
parties" other arguments.


     IT THEREFORE HEREBY IS RECOMMENDED to The Hon. Richard G. Kopf
in accordance with 28 U.S.C. § 636(b) that the motion for remand,
(filing no. 9), be granted.

     The parties are notified that failure to file objections to
this report and recommendation as provided in the local rules may
result in a waiver of the right to appeal the district judge's
adoption of the factual findings herein.

     DATED April 20, 2009


                              BY THE COURT:

                              s/ *David L. Piester*
                              United States Magistrate Judge